IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAYMOND DARNELL JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12-cv-00152 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR VDOC, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Raymond Darnell Johnson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Director of the Virginia Department of Corrections ("Director"), alleging that his rights to freedom of religion and equal protection were violated. The Director has filed a motion to dismiss and Johnson has responded, making this matter ripe for disposition. Upon consideration of this matter, I find that the Director's motion to dismiss should be granted.

I.

Johnson alleges that he is a "Nuwaupian Moor of 'the Yamasse Tribe of Native American Moors of the Creek Yamacraw Nation'" and that the Virginia Department of Corrections ("DOC") has denied him the right to "effectively practice" his faith. According to Johnson, the DOC banned and prohibited his "Nuwaupian Moorish" religion in October 2007 and, consequently, no materials of his religion, including DVDs or CDs, are permitted in DOC facilities. Johnson alleges that his religion was banned because one of the leaders of his religion was incarcerated. Johnson argues that Christian and Muslim leaders have also been incarcerated but that they are still allowed to practice those religions within the DOC. Johnson states that he was told that "the only lawful Moorish Temple was Moorish Science Temple of America" and

that he would "have to settle with them or nothing." Johnson argues that he has been suffering from "severe emotional disturbance and major spiritual decline."

## II.

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). In his complaint, Johnson names the Director as the defendant in the caption of the case, but he does not allege any facts against the Director. In response to the Director's motion to dismiss, Johnson cites the Director's name, Harold Clark, and summarily states that only the Director can overrule the alleged policy which bans the "Nuwapian Moorish" religion. In support of his statement that the Director can overrule the alleged policy, Johnson cites Department Operating Procedure ("DOP") 841.3, Offender Religious Programs. This DOP "establishes protocols to provide reasonable opportunities for offenders incarcerated in Department of Corrections facilities to voluntarily pursue religious beliefs and practices subject to concerns regarding facility security, safety, order, space, and resources."

Pursuant to DOP 841.3(IV)(E), "[t]he DOC has reviewed religious groups operating services, study groups, etc. in DOC facilities and recognized specific religions that may operate without further approval in DOC facilities where offender participation, facility resources, and religious leadership are available." The DOC maintains a list of religions that are currently recognized to operate in DOC facilities. *See Religions Approved to Operate in DOC Facilities*, Attachment 3 to DOP 841.3. The "Nuwapian Moorish" religion is not on that list. However, there is no indication that a "banned religions" list exists. DOP 841.3(IV)(E) further provides that "[o]ffender requests for new religious groups or activities not currently recognized by the

2

DOC shall be submitted on a Request for Recognition of Religious Group, 841_F2, to the Facility Unit Head or designee who shall be a DOC employee."

After the Facility Unit Head reviews the request and confirms that the form is properly completed and that the religion is not already approved, the Facility Unit Head then forwards the request to the Faith Review Committee. *See* DOP 841.3(IV)(E). The Faith Review Committee subsequently reviews the request and makes a recommendation to the Chief of Corrections Operations. *Id.* "The Chief of Corrections Operations shall make the final decision to add a proposed religious group" to the approved religions list. *Id.* There is no indication in the referenced DOP that the Director plays any role in the approval or disapproval of any religion within the DOC. Accordingly, I find that Johnson's conclusory statement made in response to the Director's motion to dismiss and for which he cites contrary authority, is insufficient to state a claim against the Director. Moreover, I note that Johnson does not allege that he has sought approval of his "Nuwapian Moorish" religion by following the procedure outlined in the DOP which he cites. Accordingly, I find that Johnson has failed to state a constitutional claim against the Director.

### III.

Further, even if Johnson were to allege sufficient facts against the Director to show the Director's involvement in Johnson's alleged constitutional violations, Johnson's First Amendment and equal protection claims nevertheless fail to state a claim.

The First Amendment protects an inmate's right to the free exercise of religion. U.S. Const, amend. I; *Cruz v. Beto*, 405 U.S. 319, 322 (1977). To state a claim that prison officials or regulations have violated an inmate's right to free exercise of religion, a plaintiff must prove that he holds a sincere religious belief, as opposed to a secular preference, and that the official action

or regulation substantially burdened his exercise of that belief. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). The Supreme Court defines a "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981), or one that forces a person to "choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion . . . on the other hand," *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). A plaintiff must prove not only that the defendant placed a substantial burden on his ability to exercise his religious practice, but also that he knowingly did so; inadvertent or negligent interference with an inmate's religious practice does not rise to constitutional proportions. *Lovelace v. Lee*, 472 F.3d 174, 194 (4th Cir. 2006). In this case, Johnson's allegations that the defendant denied him the right to "effectively practice" his faith and that DVDs and CDs of his religion are not permitted in VDOC facilities are far too vague and conclusory to demonstrate a substantial burden on Johnson's exercise of his religious beliefs. Accordingly, I find that Johnson has failed to state a claim of constitutional magnitude.

To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Johnson alleges that his "Nuwapian Moorish" religion is treated differently than Christianity and Islam; however, he has not demonstrated that he is similarly situated to followers of those religions or that the alleged unequal treatment is the result of intentional or purposeful discrimination. Accordingly, I find that Johnson's equal protection claim fails.

## IV.

For the reasons stated, I will grant defendant's motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 6th day of December, 2012.

                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                    NORMAN K. MOON
                                    UNITED STATES DISTRICT JUDGE